[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alison D. Anstett, age 43 whose maiden name was Alison Dingwell, and the defendant, Leon Anstett, Jr., age 44, were married at Litchfield, Connecticut on June 28, 1968. There is one child, a son, issue of the marriage who is now an adult.
The marriage has broken down irretrievably. The sole cause of the breakdown rests with the defendant who chose not to testify. He has been abusive verbally and physically, and has a severe alcohol problem which continues to the time of trial. In addition, he is involved with a female employee. Finally, he has been previously irresponsible, leaving a well paying job at the Southern New England Telephone Company. The business, Punky's Pub which the defendant operates, was to provide financial security for the family but due to inattention and mismanagement by the defendant, the Pub is not as successful as it should be or as successful as the court suspects it will be after this dissolution is concluded.
The parties are joint owners of a house located at 106 Bartholomew Hill Road, Goshen, Connecticut which is presently under foreclosure. It is contemplated that there will be a deficiency following the foreclosure by sale. The foreclosure is a result of the increased debt placed upon the property to finance the defendant's business venture.
The plaintiff works at the Torrington Company CT Page 2631 earning $1,097.92 a week with a net of $557.09, a deduction of $55.00 per week is to the credit union due to a loan for use by the defendant. The defendant claims to make no money from the Pub although he has double cash registers and frequently withdraws unreported cash.
There is a sugar house with equipment valued at $6,000.00 and a 1977 Angler boat valued at $3,000.00. In addition there is a 1957 Corvette automobile valued at $10,000.00
Taking into account the length of the marriage, the cause of the breakdown and the other factors listed in General Statutes 46b-81, the court enters the following orders:
1. The marriage is dissolved on the grounds of irretrievable breakdown.
2. The defendant shall pay to the plaintiff $1.00 per year as alimony. Said alimony shall not terminate on the plaintiff's remarriage or cohabitation if the defendant is still responsible for the payment of liabilities assigned herein.
3. The plaintiff shall transfer all of her right, title and interest in the real estate located at 106 Bartholomew Hill Road, Goshen, Connecticut to the defendant to be his absolutely and forever.
4. The defendant shall be responsible for, and hold the plaintiff harmless from, any attachments, liens, expenses and mortgages relating to the Bartholomew Hill property, past, present and future.
5. The defendant shall pay to the plaintiff $2,340.00, representing one-half of the parties' federal and state income tax refunds for 1992 ($3,662.00, Federal; $1,018.00, State). Said sum shall be paid at the rate of $200.00 per month commencing on or before April 5, 1994.
6. The plaintiff shall be named as the survivor beneficiary on any retirement benefits that the defendant may have. The defendant shall also name the plaintiff as CT Page 2632 irrevocable beneficiary on a $100,000.00 term life insurance policy.
7. The personal property located on the premises, namely the sugar house equipment, boat, Corvette, woodsplitters, satellite dish system and wood saws, shall be the sole property of the defendant. The defendant shall then assume the balance of those debts and hold the plaintiff harmless therefrom.
8. Each party shall be responsible for their own personal debts as listed on their respective financial affidavits, unless otherwise provided.
9. The defendant shall waive any interest he may have in the plaintiff's pension and/or profit sharing plan at the Torrington Company.
10. The defendant shall be declared the sole owner of his business, "Punky's Pub", and shall assume and be responsible for all past, present, and future debts, taxes, expenses, liabilities and the like, and hold the plaintiff harmless therefrom.
11. The plaintiff shall be entitled to retrieve all items of personal property as stated on Schedule "A" within two weeks of judgment.
12. The defendant shall be solely responsible and assume and pay all taxes, interest, costs, attorneys' fees and penalties for any state or federal tax returns filed jointly by the parties.
13. The assumption of liabilities, expenses and indebtedness by the defendant shall be considered a duty directly related to the support and maintenance of the plaintiff, though the payment of said debts shall not be considered deductible as alimony by the defendant or includable in the income of the plaintiff. Said assumption of indebtedness shall not be considered dischargeable in any bankruptcy proceeding by the defendant where such discharge would allow the third party creditor to seek satisfaction from the plaintiff.
14. The plaintiff's maiden name, Alison Dingwell, CT Page 2633 shall be restored to her.
PICKETT, J.
SCHEDULE A
Typewriter belonging to plaintiff's mother;
Personal belongings including clothes, books, papers, gift wrap and cards;
washer;
1 cuckoo clock;
dining room table/chairs;
1/2 plates, bowls, baking dishes;
1/2 Christmas decorations;
1/2 linens, towels, bathroom furnishings (rugs etc.) washcloths;
1 small stepstool;
1/2 bar glasses and other bar furniture;
1 alarm clock;
1 small diving tank;
1/2 of knick knacks;
answering machine;
1 rake, shovel, etc.;
Pictures and coins given to Barry and I.
Any other items that are not noted that plaintiff may wish to possess at such time personal belongings are being sorted through. CT Page 2634